

UNITED STATES DISTRICT COURT
for the
Northern District of Oklahoma

FILED
OCT 11 2017
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

1.) SHEMIKA N. SKILLINGS
        PLAINTIFF,

V.

1.) Dinwiddie County, Virginia
2.) FLOYD CROWDER, individually
3.) D.T. "Duck" ADAMS, individually
4.) J. CHISUM, individually
5.) A. LAUDERDALE, individually
6.) C. CHAMBERS, individually
7.) Wagoner County, Oklahoma
8.) CHRIS ELLIOTT, individually
9.) DAVID BOGGS, individually
        DEFENDANTS

Complaint for Violation of Civil Rights
Not related to any previously filed case

Case No. 17 CV 572 JED-JFJ

JURY TRIAL DEMANDED

COMPLAINT

Plaintiff, Shemika Skillings, alleges:

I. INTRODUCTORY STATEMENT

1. Plaintiff was unlawfully arrested, detained and imprisoned for four days on a malicious charge of "kidnapping", without authority, denied the right to stand before a magistrate within 48 hours and released on twenty-thousand dollars ($20,000) bond without charges being filed.

1



Plaintiff seeks monetary damages and declaratory relief for the tortious and intentional conduct of the defendants that caused the deprivation of plaintiffs guaranteed rights secured under the Fourth, Fourteenth, and Sixth Amendments of the United States Constitution and rights and privileges extended to Active Duty Service Members under Title 10. The defendants conspired to, and did intentionally, unlawfully and maliciously obtain a warrant against the plaintiff for "Kidnapping" out of the State of Virginia and conspired with defendant police officers to arrest, detain and imprison the plaintiff for a charge she did not commit and without a valid warrant. Because of the intentional acts of the defendants, plaintiff was deprived of her liberty, suffered psychological injury, great humiliation, emotional distress, loss of reputation, loss of wages and mental anguish.

2. This is a civil action involving a question of first impression, seeking monetary damages against defendants: county of Dinwiddie, Virginia, Crowder, Duck, Chisum, Chambers, Lauderdale, Boggs, the county of Wagoner and Elliot, for committing acts, each individually and alone in concert, under color of law, which deprived the plaintiff of rights secured under the Constitution and laws of the United States; for conspiring to cause such deprivation with the intent to deny plaintiff the protection of the
United States Constitution and federal laws, and for refusing or failing to prevent such deprivations and denials to the Plaintiff.

3. Plaintiff alleges: that defendants acting alone and/ or together and/ or in concert, unlawfully and maliciously investigated, coerced, arrested, and caused the detention of the Plaintiff, and/ or each of them failed to prevent the unlawful acts of the others, in violation of the Plaintiffs procedural and due process rights secured under the Constitution, the laws of the United States and federal laws exclusive to active duty service members under Title 10.

## II. JURISDICTION AND VENUE

4. The jurisdiction of this court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983, 42 U.S.C.§1988, the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

5. Jurisdiction is also invoked pursuant to 28 U.S.C.§ 1331, 28 U.S.C.§ 1332, and 28 U.S.C.§ 1343. Plaintiff further invokes the supplemental/pendant party jurisdiction of this court to hear and decide claims under state law, and the joinder of parties pursuant to 28 U.S.C.§ 1367

6. This Court has jurisdiction to issue declaratory judgement pursuant to 28 U.S.C §§2201 and 2202.

7. Venue in this district is proper under 28 U.S.C.§ 1391, the Plaintiff resides within this district and most of the events giving rise to Plaintiffs claims occurred within this district.

## III. PARTIES

8. Plaintiff, Shemika Skillings, is a citizen of the United States and a temporary resident of Broken Arrow, Wagoner County, Oklahoma, pursuant to Title 10 orders under the authority of the Secretary of Defense who was harmed by acts in concert by the defendants as set forth in this complaint.

2

9. Defendant, Dinwiddie County ("Dinwiddie") a governmental entity of the State of Virginia, now and at all relevant times mentioned in this complaint is responsible for implementing the customs, policies and regulations followed by Defendants Duck and Crowder. The address for the Defendant is: **14016 Boydton Plank Road, Dinwiddie, VA 23841, telephone number: 804-469-4500.**

10. Defendant, D.T. Adams, ("Duck") is now, and at all times mentioned in this complaint, the duly elected Sheriff for defendant Dinwiddie County, and the commanding officer of defendant Crowder. Defendant Duck is responsible for training, suspension, conduct and customs of the Dinwiddie Sheriff Department. Further, Defendant Duck is responsible for ensuring that the customs, policies and practices of the Dinwiddie Sheriff Department are consistent with the laws of the United States. Defendant Duck, at all times mentioned, was acting in such capacity as an agent, servant and employee of Defendant, Dinwiddie. The address for the Defendant is: **14230 Sycamore Drive, Dinwiddie, Virginia 23841**, the **telephone number: 804-469-4550.**

11. Defendant, Floyd Crowder, ("Crowder") is now, and at all relevant times mentioned in this Complaint an investigator and sheriff's deputy for defendant Dinwiddie County, and was acting in such capacity as an agent, servant and employee of the Dinwiddie Sheriff's department. The address for the Defendant is: **14230 Sycamore Drive, Dinwiddie, Virginia 23841, telephone number: 804-469-4550.**

12. Defendant, David Boggs, is no longer, but was at all times mentioned in this Complaint, the Police Chief for Broken Arrow, Tulsa County, Oklahoma; and as such, he was the commanding officer of defendants Chism, Lauderdale and Chambers, and was responsible for the training, supervision, and customs of the defendants: Chisum, Lauderdale and Chambers, as more fully set forth below. Defendant David Boggs is further responsible by law for the regulations of the Broken Arrow city jail and ensuring that the policies, practices and customs of the Broken Arrow city jail are consistent with the laws of the state of Oklahoma and the United States of. The address for the Defendant is unknown

13. Defendants: J. Chisum, ("Chisum") A. Lauderdale ("Lauderdale") and C. Chambers, ("Chamber") is now, and at all times relevant, police officers of the City of Broken Arrow, Tulsa, County, Oklahoma. Defendants are also residents of that city and county. The address for the Defendants is: **1101 North 6th Street, Broken Arrow, Oklahoma, 74012, telephone number: 918-259-8400**

14. Defendant: Wagoner County, is now and at all times mentioned in this Complaint, a governmental entity of the state of Oklahoma, responsible for implementing the customs, policies and regulations of the Wagoner County Sheriff's Department. The address for the Defendant is: **307 E Cherokee Street #3, Wagoner, Oklahoma 74467, telephone number: 918-485-2058.** Defendant is also a resident of that same city and county.

15. Defendant, Chris Elliott, is now, and at all times mentioned in this Complaint, the Sherriff of Wagoner, Wagoner County; a governmental entity of the State of Oklahoma, and responsible for the supervision, policies, customs and practices of the Wagoner County jail. The address for the Defendant is: **307 East Cherokee Street, Wagoner, Oklahoma 74467. The telephone: 918-485-3124.** The Defendant is also a resident of the same city and county.

16. Plaintiff is informed, believes and alleges that at all times mentioned, defendants, and each of them were acting under color of law and conspired among each other to commit unlawful acts.

## IV. STATEMENT OF FACTS

17. On or about March 6, 2016, the Plaintiff brought her four-year old daughter from Virginia to visit with her in Oklahoma.

18. On or about March 7, 2016; defendant Crowder called the Plaintiff on her cellular phone several times demanding that she return the child to Virginia. The Plaintiff explained that there was a spoken agreement between her and her ex-husband which allowed for her to take their child to Oklahoma. Plaintiff also informed defendant Crowder that all matters pertaining to the custody of their child would be discussed amongst their civil attorney's in a neighboring county in Virginia.

19. Fed up with the numerous phone calls and threats, the plaintiff emailed her ex-husbands attorney to inform her that she would return the child the upcoming weekend, on March 11, 2016.

20. On March 11, 2016 at approximately 1900 hours, two Broken Arrow Peace Officers; defendants Chisum and Lauderdale appeared at plaintiff's Broken Arrow home and asked her to verify her name and date of birth which was written on a yellow sticky note. Defendant Chisum stated; "You know why we are here." Chisum then proceeded to forcibly place the plaintiff in handcuffs, against her will. At no time was a warrant presented or was a statement made as to the reason for her arrest.

21. Plaintiff was detained and held in the patrol car, in front of her home as she watched defendants Chisum and Lauderdale enter her home, without a warrant and without authorization.

22. The Defendants then detained the plaintiffs four- year old daughter and placed her in the patrol car, neither officer had, presented or acted under any legal authority to detain the minor child.

23. Plaintiff was then transported without incident to the Broken Arrow City jail where she was booked on "open" charges and compelled, against her will, to submit fingerprints and photographing of her person by personnel employed by the police department of Broken Arrow. Plaintiff informed the officers that she was presently under the authority of the Secretary of Defense on Active Duty orders under Title 10, and should be released to her Chain- of - Command. However, they declined.

24. On or about March 12, 2016; after approximately 36 hours of detention in the Broken Arrow City jail, the plaintiff was transferred to Wagoner County jail by an unknown peace officer, employed by the Broken Arrow police department. At the direction of defendant Boggs, plaintiff was booked on a "Fugitive from Justice" charge, compelled, against her will, to submit fingerprints and photographing of her person by personnel in the employ of the police department of Wagoner County, which such personnel were using facilities present at the jail for such county, which facilities were owned and maintained by the county for the use and benefit of its police department.

25. Plaintiff asked several times while she was detained to view the arrest warrant and to be released to her Chain- of Command, the unknown deputy admitted to not having a proper warrant to detain the plaintiff and was waiting for further action from Dinwiddie, Virginia.

26. Approximately six hours after the plaintiff arrived at the Wagoner County detention facility. Defendant Dinwiddie faxed over a Virginia felony warrant for "Kidnapping" obtained by defendants Crowder and Duck.

27. Four days after her arrest, the plaintiff was released on a twenty- thousand-dollar bond with further conditions to answer to Dinwiddie, Virginia within twenty days and provide proof to the District Court of Wagoner.

28. No criminal charges were ever proffered against plaintiff regarding the arrest, detainment and imprisonment to which she was subjected as set forth in this complaint and although she requested to be brought before a magistrate and notified of the criminal charges of which she was being held, her requests were ignored.

29. On or about March 22, 2016, the plaintiff flew to Dinwiddie, Virginia to answer to the kidnapping warrant, she was detained and compelled to submit fingerprints, and photographing of her person by personnel in the employ of the Dinwiddie County Sheriff department.

30. The plaintiff then went before a magistrate with defendant Crowder and the kidnapping charges were dismissed.

31. The narrative written by defendant Crowder obtained by the plaintiff revealed that both defendants Duck and Crowder knew and understood that the minor child was not taken against her will and that she was not in any danger.

32. Because of the fraudulent investigation and malicious charge by Defendants Dinwiddie, Crowder and Duck in a concerted action with each other and others, was the proximate cause of plaintiffs' unlawful arrest and false imprisonment, intentionally causing a violation of her guaranteed rights under the Fourth Sixth and Fourteenth Amendments to the United States Constitution.

33. Because of the conduct of the Defendants, including Plaintiffs unlawful arrest and imprisonment, plaintiff was placed on administrative leave from her duties in the United States Army for a period of eight months and a loss of wages. Further, plaintiff sustained public humiliation when her mugshot appeared on Channel 6 news, and her arrest was listed in "Tulsa World" newspaper. She further suffered severe mental anguish, loss of reputation and emotional distress.

34. The conduct of the Defendants deprived the plaintiff of the following rights and privileges and immunities secured to her by the Constitution of the United States and under Title 10 U.S.C:

    a.) The right of the Plaintiff to be secure in her person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

    b.) The right of plaintiff to be informed of the nature and cause of the accusation against her secured to her under the Sixth and Fourteenth Amendments to the Constitution of the United States; and

  c.) The right of plaintiff to not be deprived of life, liberty or property, without due process of law, and under the privileges and immunities Clause secured by the United States Constitution

  d.) The right of the Plaintiff to be free from bodily restraint and imprisonment during Active Military service as set forth under U.S Code Title 10.

35. The acts of the defendants were performed knowingly, intentionally, and maliciously, by reason the plaintiff is entitled to damages.

V. CAUSES OF ACTION
COUNT 1
(against Dinwiddie County and Wagoner County)
DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AS COGNIZABLE UNDER 42 U.S.C.§ 1983

For cause of action against Defendants Dinwiddie County and Wagoner County, the plaintiff states:

36. By this reference, Plaintiff incorporates each preceding allegation and averment of this Complaint as if fully set forth here.

37. Defendants Dinwiddie County was at all times mentioned in this complaint a political subdivision of the State of Virginia, organized and existing under and by the virtue of the laws of the State of Virginia and of the United States.

38. Defendant Wagoner County, was at all times mentioned in this complaint a political subdivision of the State of Oklahoma, organized and existing under and by the virtue of the laws of the State of Oklahoma and the United States.

39. Defendant, Dinwiddie County had a policy, practice and or custom that delegated its legal obligation to perform its duties as Sheriff to impartially and competently- including the duty to investigate and issue warrants consistent with its policies, practices and or customs.

40. Further, Defendant Dinwiddie County had in effect actual and/ or de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the individual defendants.

41. On March 11, 2016 the Sheriff's Department of Dinwiddie County, fraudulently investigated and maliciously issued a warrant for kidnapping against the plaintiff, due to a policy, practice and or custom of Dinwiddie County, and was the direct and proximate cause of the constitutional violations set forth above, and of plaintiffs injuries of: severe mental and emotional distress, anguish, humiliation, loss of liberty, loss of reputation, deprivation of society with family, loss of wages, travel expenses, and legal expenses.

42. Defendant, Dinwiddie County, failed to properly train, supervise or discipline defendants Duck and Crowder concerning correct practices in evaluating probable cause to issue a felony warrant across state lines, and practices and procedures in issuing a felony warrant against Active Duty Service members, thereby permitting defendants Duck and Crowder to be able to violate plaintiff's constitutional rights.

43. Defendant Dinwiddie, County, being aware that such lack of training, supervision, and discipline leads to improper conduct by its employee officers, acted with deliberate indifference in failing to establish a program of effective training, supervision and discipline. Effective training, supervision and discipline would have lessened the likelihood of such occurrence.

44. Defendant Wagoner County at all times mentioned in this complaint had in effect actual and/ or de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the individual defendants that caused the plaintiffs injuries: severe mental and emotional distress, anguish, humiliation, loss of liberty, loss of reputation, deprivation of society with family, loss of wages, travel expenses, and legal expenses.

45. Defendant Wagoner County failed to properly train, supervise or discipline Defendants concerning correct practices in evaluating probable cause to issue and/ or detain a person on a fugitive warrant and practices and procedures in detaining an Active Duty Service member, thereby permitting defendants to violate the plaintiffs' Constitutional rights.

46. The Plaintiff was unlawfully detained in the Wagoner County jail for three (3) days, without a warrant, indictment or charges filed, and released on $20,000 bond, which she paid for her freedom.

47. The Defendants, Elliot, acting pursuant to an unlawful custom, policy or practice implemented by Wagoner county, was a direct and proximate cause of the plaintiffs' deprivation of rights.

48. Defendants Wagoner County and Dinwiddie County, being aware that such lack of training, supervision, and discipline leads to improper conduct by its employee officers, acted with deliberate indifference in failing to establish a program of effective training, supervision and discipline. Effective training, supervision and discipline would have lessened the likelihood of such occurrence.

49. Because of the acts of the Defendants, Plaintiff demands and is entitled to substantial aggravated and compensatory damages from the Defendant Dinwiddie County and Wagoner County.

## COUNT II
### (against Duck and Crowder)
FRAUDULENT INVESTIGATION, MALICIOUS PROSECUTION, ABUSE OF PROCESS, UNLAWFUL SEIZURE AND BY DEFENDANTS IN VIOLATION OF THE PROCEDURAL AND SUBSTANTITIVE RIGHTS GUARANTEED TO PLAINTIFF BY THE FOURTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION, AS COGNIZABLE UNDER 42 U.S.C.§ 1983,

50. By this reference, Plaintiff incorporates each preceding allegation and averment of this Complaint as if fully set forth here.

51. Defendant Duck at all times material to this action was the duly elected and acting Sheriff of the County of Dinwiddie, State of Virginia, charged with the formulation and implementation of directives and policies complained of below, thus committing the acts complained of under the color of the laws of the State of Virginia and the United States.

52. Defendant Crowder at all times material to this action was an employee of defendant Duck, and acted maliciously, in concert to deprive the plaintiff of her guaranteed rights under the United States Constitution.

53. On March 11, 2016 Defendant Crowder maliciously, intentionally and without probable cause obtained a warrant for plaintiffs' arrest on charges of "Kidnapping" by falsely stating in an affidavit and warrant application that there was probable cause to believe that plaintiff had committed said crime.

54. Defendant Duck, authorized the warrant by signature, willingly, intentionally and maliciously, in concert with Crowder with the intent to deprive the plaintiff of guaranteed rights under the Constitution.

55. As a direct result of the fraudulent investigation and maliciously obtaining a warrant against the plaintiff, on March 11, 2016, she was arrested and detained against her will in Oklahoma.

56. The kidnapping charge against the plaintiff was dismissed and all other charges were "nolle prosequi."

57. Defendants Crowder and Duck acting in concert each with each other did, willfully unlawfully, maliciously, and improperly use the judicial process primarily for an ulterior motive or improper purpose, namely to incarcerate plaintiff for a crime of which she did not commit.

58. Defendants Crowder and Duck, acting alone and together and in concert with one another and with others, maliciously and without reasonable grounds therefor initiated legal proceedings in the Juvenile Domestic Relations Court in the County of Dinwiddie, Virginia, which resulted in the unlawful arrest and detention of the Plaintiff in the State of Oklahoma by the Broken Arrow Police Department.

59. Defendants Duck and Crowder wrongfully and unlawfully caused the arrest and detention of plaintiff by:

   a.) Conducting an objectively unreasonable and insufficient investigation of the guilt of the Plaintiff, and/or

   b.) Preparing reports and providing to the prosecuting attorney and in an affidavit in support of the arrest warrant information that was false, misleading and incomplete, and/or

   c.) Providing false, misleading and incomplete information, testimony in one or more official or court proceedings.

60. No probable cause existed to obtain the felony warrant for "kidnapping" or for the arrest of the plaintiff, and defendants' pursuit of plaintiff's arrest and detention was objectively unreasonable. The probable cause for the initial arrest and detention, if any; was objectively insufficient and fell below that which is required under the Fourth and Fourteenth Amendments to the United States Constitution.

61. The fraudulent investigation and initiation of the legal process was the proximate cause of the violation of the Plaintiffs' right to be free from unreasonable search and seizure, secured by the Fourth and Fourteenth Amendments to the United States Constitution, and to be free from the deprivation of liberty without due process, both of which are redress able in a suit under section 1983 and by and through the Fourth and Fourteenth Amendments.

62. As a direct and proximate result of Defendants fraudulent investigation, discrimination and concerted action to deprive the plaintiff of guaranteed rights. Plaintiff has suffered damages in the form of costs incurred to defend the prosecution, grievous and permanent injury: including the loss of liberty, loss of income, public disgrace and humiliation, emotional distress, mental anguish and distress in connection with incarceration and the deprivation of her constitutional and statutory rights.

63. The acts of the Defendants as described above was motivated by an evil motive an intent, and involved a reckless and callous indifference to the federally protected rights of the Plaintiff, thus entitling the plaintiff to an award of punitive damages against the individually named Defendants.

64. **WHEREFORE**, Plaintiff requests a judgement against the Defendants, jointly and severally, for compensatory damages in an amount that is fair and reasonable, including lost

wages, punitive damages, costs of the action, attorney's fees and such other relief as the court deems fair and appropriate under the circumstances.

## COUNT III
### (Against ALL DEFENDANTS)
UNLAWFUL SEIZURE BY ARREST, DETENTION AND INCARCERATION UNDER VOID PROCESS BY DEFENDANTS IN VIOLATION OF THE PROCEDURAL AND SUBSTANTITIVE RIGHTS GUARANTEED TO PLAINTIFF BY THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AS COGNIZABLE UNDER 42 U.S.C. § 1983

65. By this reference, Plaintiff incorporates each and every preceding allegation and averment of this Complaint as if fully set forth here.

66. On March 11, 2016 Defendants, acting alone and together in concert, as police officers of the city of Broken Arrow, Oklahoma, with one another and with others, without process or legal authority of law; unlawfully, against plaintiffs will forcibly arrested plaintiff and compelled her to accompany them to the Broken Arrow City jail.

67. At no time throughout her detention or seizure was Plaintiff presented a warrant or told of the charges against her.

68. The purported warrant for the arrest of the plaintiff as in which the Officers assumed to act was and still is void, because the warrant was invalid on its face, as would be clearly apparent to any ordinarily intelligent layperson; the warrant was not properly issued pursuant to the Uniform Criminal Extradition Act, nor was the warrant signed by any official authorized to sign it.

69. Defendants intentionally restrained and instigated the restraint of plaintiff against her will for thirty- six hours in the Broken Arrow City jail, and three days in the Wagoner County jail without lawful authority, and/ or failed to intercede in the unlawful treatment of plaintiff, as previously described.

70. Plaintiff, at the time she was arrested and imprisoned, was acting peaceably and in a lawful manner; no commitment for plaintiff's imprisonment was ever issued. Plaintiff was not at any other time charged with any criminal offense.

71. Because of Defendants deliberately causing the false arrest and false imprisonment of the plaintiff, defendants were in conscious disregard of plaintiff's rights, to amount to a willful and intentional wrongdoing, of which plaintiff is entitled to damages.

72. By reason of the illegal arrest of the plaintiff and her unlawful detention and imprisonment, plaintiff was required to and did employ a bail bondsman to secure plaintiff's release on a "extradition bond", in proceedings heard before the Wagoner County District Court on March 14, 2016.

73. As a direct and proximate result of the malicious and outrageous conduct of the defendants as previously described, plaintiff has suffered damages in the form of costs incurred to defend the prosecution and plaintiff has suffered grievous and permanent injury, including the loss of liberty for four days, loss of income, public disgrace and humiliation, emotional distress,

mental anguish and distress in connection with incarceration and the deprivation of her constitutional and statutory rights.

## COUNT IV.
### (Against all Defendants)
CONSPIRACY TO VIOLATE PLAINTIFFS CIVIL RIGHTS UNDER 42 U.S.C. § §1983, 1985

74. For her cause of action against ALL Defendants Plaintiff states:

75. By this reference, Plaintiff incorporates each and every preceding allegation and averment ofv this Complaint as if fully set forth here.

76. All Defendants acting in their individual capacities and under color of law, having conspired together and with others, reached a mutual understanding to engage in a course of conduct, and otherwise conspired among and between themselves, to deprive Plaintiff of her constitutional rights, including her right to be free from unreasonable arrest and seizure, to be free from wrongful imprisonment and to due process of law. Defendants' conspiracies deprived Plaintiff of rights protected by the Fourth, Sixth and Fourteenth Amendments of the United States Constitution, as protected by 42 U.S.C § 1983.

77. Defendants acted to undertake a course of conduct that violated the plaintiffs' civil rights. The overt acts included intentional failure to investigate evidence, malicious execution of a felony warrant through void process resulting in the unlawful detention and imprisonment of the plaintiff, denied the plaintiff the right to know the charges against her denied right to stand before a judge or magistrate

    a.) The Defendants Duck and Crowder agreed and acted to intentionally fabricate and contrive the charges lodged against the Plaintiff as set forth above.

    b.) All Defendants agreed and acted intentionally to falsely arrest and imprison plaintiff as aforementioned.

    c.) The Defendants agreed and acted to intentionally submit false warrants, and false charges to support and corroborate the fabricated charges lodged against plaintiff.

78. As a direct and proximate result of the conspiracy between the Defendants, Plaintiff was arrested and imprisoned and was deprived of her right to be free from unreasonable and unlawful seizure, to due process rights to be free from arbitrary and unreasonable action, which are secured under the Fourth and Fourteenth Amendments to the United States Constitution and protected by 42 U.S.C § 1983.

## COUNT V
### (Against Boggs and Elliott)
FAILURE TO RELEASE THE PLAINTIFF FROM CUSTODY AND FOR FAILURE TO PROVIDE A PROBABLE CAUSE HEARING WITHIN 48 HOURS IN VIOLATION OF THE PLAINTIFFS FOURTH AMENDMENT RIGHTS UNDER THE UNITED STATES

CONSTITUTION. COGNIZABLE UNDER SECTION 1983 (Against Wagoner County, Boggs and Elliot)

79. By this reference, Plaintiff incorporates each and every preceding allegation and averment of this Complaint as if fully set forth here.
80. Defendants Boggs and Elliot were at all ties mentioned in this complaint knew, should have known or had the opportunity to know that Plaintiff was not taken before a magistrate as required by law to determine probable cause.
81. On March 14, 2016 plaintiff was released on 20,000 bond without charges being filed or being taken before a magistrate.
82. At all times while plaintiff was imprisoned at the Wagoner County jail she was physically and mentally in a condition to be brought before a magistrate, however, she was denied this right.
83. Because of the facts and circumstances set forth above, plaintiff has been deprived of her liberty, and has been caused great physical and mental suffering, humiliation, shame, public ridicule, and has been caused inconvenience and discomfort, all to her damage in the sum of $1,140,000.

## VI. PRAYER FOR RELEIF

84. As a direct and proximate result of Defendants' actions as described in this suit, plaintiff has suffered damages in the form of:
    a. severe emotional distress, mental anguish, loss of liberty and legal expenses, humiliation, loss of reputation, public humiliation, loss of wages, loss of society.
    b. legal expenses
    c. loss of wages
85. Plaintiff is entitled to and demands substantial, punitive, actual and compensatory damages from the Defendants, because of their willful, callous disregard for the plaintiff's rights secured under the United States Constitution.
86. Plaintiff is entitled to an award of attorney's fees if she prevails under 42 U.S.C §1988
**Wherefore**, plaintiff requests money damages against Defendants jointly and severally for:
    a.) Compensatory damages in the amount of $15,000
    b.) Punitive damages in the amount of $450, 000
    c.) Aggravated damages in the amount of $675, 000
    d.) Reasonable Attorney's fees
    e.) Cost of suit;
    f.) Such further relief as the court deem just and equitable.
87. Plaintiff further requests Declaratory relief against the Defendants:
    a.) deeming the current practices, customs, followed by the Defendants unconstitutional.
    b.) Mandatory training in accordance with the Uniform Criminal Extradition Act.
    c.) Mandatory training of the proper procedures in obtaining a fugitive from justice warrant.

      d.)   Mandatory training on the correct course of action in the arrest, detention and imprisonment of Active Duty Service Members under Title 10.

88.   Any such other relief this court deems necessary and proper.

Respectfully Submitted this 10th day of October:

_____
Shemika N. Skillings
P.O. Box 9524
Tulsa, OK 74147
919-480-7475
SSKILLS82@gmail.com
*PRO-SE*, Plaintiff

## VII. CERTIFICATION

A.   Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1.) is not being presented for an improper purpose, such as to harass, cause unnecessary delay , or needlessly increase the cost of litigation; (2) is supported by existing law or by non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

B.   I agree to provide the Clerk's office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's office may result in the dismissal of my case.

Date: Oct 11, 20 17

Signature of Plaintiff: _____

Printed name of Plaintiff: Shemika Skillings

12