IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. SHEMIKA N. SKILLINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| 1. FLOYD CROWDER, individually, | ) | |
| 2. D.T. "Duck" ADAMS, individually and officially, | ) ) | |
| 3. LINDA JOHNSON, as a state actor, | ) | |
| 4. J. CHISUM, individually, | ) | Case No. 17-CV-572-JED-JFJ |
| 5. A. LAUDERDALE, individually, | ) | |
| 6. C. CHAMBERS, individually, | ) | |
| 7. WAGONER COUNTY, OKLAHOMA, | ) | |
| 8. CHRIS ELLIOTT, individually and officially, | ) ) | |
| 9. DAVID BOGGS, individually and officially, | ) ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is Defendant Linda Johnson's Motion to Dismiss Amended Complaint (Doc. 60). In her Motion, Defendant Johnson ("Johnson") argues that Plaintiff's Amended Complaint should be dismissed as to her for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), and res judicata. Plaintiff Shemika N. Skillings ("Skillings") submitted a Response in Opposition (Doc. 95).

I.  **Plaintiff's Allegations**

The following is a summary of Plaintiff's factual allegations, which are contained in the plaintiff's Amended Complaint (Doc. 22) and must be taken as true at the dismissal stage.

On or about March 6, 2016, Skillings brought her four-year-old daughter from Virginia to Oklahoma. According to Skillings, she had an agreement with her ex-husband that allowed for

1

this trip. On March 7, Defendant Floyd Crowder ("Crowder"), an investigator and sheriff's deputy for Dinwiddie County, Virginia, called Skillings demanding that she bring the child back to Virginia. Skillings told Crowder of her agreement with her ex-husband and also informed him "that all matters pertaining to the custody of [the] child would be discussed amongst their civil attorney's [*sic*] in a neighboring county in Virginia." (Doc. 22 at ¶ 18). Skillings also sent an email to Defendant Johnson, who represents Skillings' ex-husband, telling her that she would bring the child back to Virginia on March 11, 2016.

On March 11, 2016, two Broken Arrow police officers arrived at Skillings' home in Broken Arrow. Skillings was arrested and spent approximately 36 hours detained in the Broken Arrow municipal jail. She was then transferred to Wagoner County jail and was booked on a "fugitive from justice" charge. Soon thereafter, a copy of a Virginia felony warrant for kidnapping was faxed to the Wagoner facility.

Ultimately, four days after her arrest in Broken Arrow, Skillings was released on a $20,000 bond with further conditions to answer to the felony kidnapping warrant in Dinwiddie, Virginia, within 20 days and provide proof to the District Court of Wagoner County. Skillings appeared before a magistrate judge in Dinwiddie, and the kidnapping charges were dismissed. According to Skillings, Defendant Johnson "had initially contacted the Attorney General of Dinwiddie and the Virginia Dinwiddie Sheriffs' [*sic*] Department to assist in filing the charges against the Plaintiff." (Doc. 22 at ¶ 31). Johnson "failed to mention that she had received an email from the Plaintiff with plans to return the child to Virginia." (*Id*. at ¶ 32).

Skillings contends that because Johnson provided "misleading, incomplete and fraudulent information" to Crowder and Dinwiddie County Sheriff D.T. Adams, Skillings' constitutional rights were violated. (*Id*. at ¶ 33). She brings two counts against Johnson: a claim of "fraudulent

2

investigation, malicious prosecution, abuse of process, and unlawful seizure and by defendants in violation of procedural and substantitive [*sic*] due process rights guaranteed to plaintiff by the Fourth and Fourteenth Amendments to the U.S. Constitution, " brought under 42 U.S.C. § 1983 (Count II); and a claim of "conspiracy to violate plaintiff['s] civil rights under 42 U.S.C. §§ 1983, 1985" (Count IV). (Doc. 22 at 7, 10).

## II.     Legal Standards

To survive a motion under Rule 12(b)(6), a plaintiff must plead sufficient factual allegations 'to state a claim to relief that is plausible on its face.'" *Brokers' Choice of America, Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint that "tenders 'naked assertion[s]' devoid of 'further factual enhancement'" does not satisfy the pleading standard. *Id*. (quoting *Twombly*, 550 U.S. at 557).

In ruling on a Rule 12(b)(6) motion, the court must liberally construe the pleadings, take all well-pleaded facts as true, and make all reasonable inferences in favor of the non-moving party. *Brokers' Choice of Am.*, 861 F.3d at 1105. The district court should hold a pro se litigant's pleadings to a "less stringent standard than formal pleadings drafted by lawyers," but a court must not serve as the litigant's advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III.    Analysis

### A.    Count II

Pursuant to 42 U.S.C. § 1983, "[e]very person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia*, subjects, or

3

causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." (emphasis added). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "The traditional definition of acting under color of state law requires that the defendant in a [42 U.S.C.] § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Marin v. King*, 720 F. App'x 923, 934 (10th Cir. 2018) (unpublished) (quoting *West*, 487 U.S. at 49).

Defendant Johnson is a privately employed attorney; yet, as pointed out by Plaintiff, a defendant need not be a state officer to act "under color of" state law for § 1983 purposes. *See Dennis v. Sparks*, 449 U.S. 24, 27 (1980). In fact, "[i]t is enough that [the defendant] be a willful participant in joint action with the State or its agent." *Id*. The focus of the joint-action inquiry is "whether state officials and private parties have acted in concert in effecting a particular deprivation of constitutional rights." *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1453 (10th Cir. 1995). "This concerted action constitutes both the state action essential to establish a constitutional violation, and action under color of state law, custom or usage." *Carey v. Cont'l Airlines, Inc.*, 823 F.2d 1402, 1404 (10th Cir. 1987).

Plaintiff cites *Dennis v. Sparks*, in which allegations of private persons conspiring to bribe a state court judge to obtain an injunction were held to be sufficient to assert joint action for the purpose of a § 1983 claim. 449 U.S. at 28-29. Yet *Dennis v. Sparks* is distinguishable from the

4

present case. Though the Amended Complaint includes conclusory assertions that Defendant Johnson acted "in concert" with Defendants Crowder and Adams, (*see, e.g.,* Doc. 22 at ¶¶ 62-63), Plaintiff's specific factual allegations belie these assertions. As noted above, Plaintiff alleges that Johnson provided "misleading, incomplete and fraudulent information" to state actors that led to Plaintiff's arrest in Oklahoma. (*Id*. at ¶ 33). She also alleges that Johnson "failed to mention that she had received an email from the Plaintiff with plans to return the child to Virginia." (*Id*. at ¶ 32). She further alleges that Johnson "was a willful participant in joint action with the state when she contacted Attorney General David Ostwinkle and defendants [Adams] and Crowder, to encourage him to file charges against the Plaintiff," despite knowing that an agreement existed between Plaintiff and her ex-husband. (*Id*. at ¶ 56). Taking these allegations as true, Johnson *deceived* various state officials by providing misinformation regarding Plaintiff. Such allegations cannot be fairly construed as suggesting joint action between Johnson and those state actors. *See Lyon v. Aguilar*, 412 F. App'x 160, 163 (10th Cir. 2011) (unpublished) (finding that plaintiffs did not allege joint action between private defendants and state courts where the courts were allegedly deceived, unknowing participants in the constitutional violations, not co-conspirators).

There are no alleged facts upon which one could conclude that Plaintiff's arrest "resulted from any concerted action, whether conspiracy, prearranged plan, customary procedure, or policy that substituted the judgment of a private party for that of the police or allowed a private party to exercise state power." *See Carey*, 823 F.2d at 1404. Nor is there a suggestion that Johnson and the state actors were "acting as a team." *See Lee v. Town of Estes Park, Colo.*, 820 F.2d 1112, 1115 (10th Cir. 1987). In fact, the Tenth Circuit has "consistently held that furnishing information to law enforcement officers, without more, does not constitute joint action under color of state law." *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151 (10th Cir. 2016); *see Benavidez v. Gunnell*,

722 F.2d 615, 618 (10th Cir. 1983) (finding no joint action between foster parents, who reported their foster children's kidnapping to the police, and the officers who subsequently searched and arrested the alleged kidnappers).

Because Plaintiff has not sufficiently alleged that Defendant Johnson acted under color of state law, Johnson is not liable under § 1983.

**B.      Count IV**

In Count IV, Plaintiff alleges that Defendant Johnson was part of a conspiracy to deprive Plaintiff of her constitutional rights. (Doc. 22 at ¶ 81). For the same reasons the Court finds that Plaintiff failed to adequately allege joint action between Johnson and the state actors, the Court also finds that Plaintiff has failed to adequately allege a conspiracy between Johnson and the other defendants. There is simply no way to reconcile the specific allegations that Johnson provided "misleading, incomplete and fraudulent information" to the other defendants and "failed to mention [to them] that she had received an email from the Plaintiff" with the conclusory allegation that Johnson "conspired" with those same defendants. (*See id*. at ¶¶ 32, 33, 81).

Moreover, in order to prove a § 1985 claim, a plaintiff "must establish that a class-based or racially discriminatory motive lurks behind the [alleged] conspiratorial activities." *Babbar v. Ebadi*, 216 F.3d 1086 (Table), 2000 WL 702428, at *9 (10th Cir. 2000) (citing *Tilton v. Richardson,* 6 F.3d 683, 686 (10th Cir. 1993)). Nowhere in the Amended Complaint does Plaintiff alleged a conspiracy motivated by racial or class-based discriminatory animus. As such, this Count must be dismissed as to Johnson.

**IV.    Conclusion**

Because Plaintiff has failed to state a claim upon which relief could be granted against Defendant Johnson, Defendant Johnson's Motion to Dismiss (Doc. 60) is **granted**.

6

**SO ORDERED** this 30th day of September, 2018.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE